United States District Court
Southern District of Texas
**ENTERED**
March 03, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TOTAL SAFETY U.S., INC., ET AL., | § § § § | |
| Plaintiffs. | | |
| VS. | § § § § § § § | CIVIL ACTION NO. 4:19-CV-03836 |
| CODE RED SAFETY & RENTAL, LLC, ET AL., | | |
| Defendants. | | |

## **ORDER AND OPINION**

There are a number of outstanding discovery disputes that I need to address. *See* Dkts. 160, 166, 167, 168, 170, and 173.

At the outset, let me just say that in the roughly nine months I have been assigned to this case I have patiently and painstakingly reviewed the parties' frequent submissions outlining their discovery squabbles. On numerous occasions, I have entertained oral argument, sometimes for hours on end. And, in an effort to be extra accommodating, I have even offered to be available at the drop of a hat in the event the parties needed judicial assistance in the middle of a deposition. (Note: the parties took me up on my offer twice last week.). For better or worse, this case has had more discovery fights than any case I have ever been associated with—as a lawyer for 24 years or as a judge for the last three years.

I can promise all of you that many of my colleagues on the bench would not be as accommodating. As United States District Judge Wayne Alley from the Western District of Oklahoma once wrote in an oft-quoted order:

> I suppose counsel have a penumbral Constitutional right to regard each other as schmucks, but I know of no principle that justifies litigation pollution on account of their personal opinions. This case makes me lament the demise of duelling [sic]. I cannot order a duel,

> and thus achieve a salubrious reduction in the number of counsel to put up with.

*4810 P'ship v. Nat'l Props., Inc.*, No. 5:91-CV-01196 (W.D. Okla. May 29, 1992). I certainly do not share all of Judge Alley's views, but I do encourage the parties to work together to complete the needed discovery. Follow the rules. Avoid the personal attacks. And look for practical solutions to future disputes. To be clear, I am more than happy to help decide genuine discovery disputes. The problem is that I find many of the disagreements between counsel in this case to be downright silly (and that might be a tad generous).

With that out of the way, I will address the outstanding discovery issues. **First**, in a letter dated January 21, 2021 (Dkt. 160), Nicholas Mowbray and Code Red Safety & Rental, LLC requested that I strike Plaintiffs' First & Second Supplemental Answers to Code Red's Interrogatories No. 3 and 5, Plaintiffs' Third Supplemental Answer to Interrogatory No. 5, and Plaintiffs' Supplemental Answers to Code Red's Second Set of Interrogatories No. 12–14. Mowbray and Code Red have provided a lengthy brief (with multiple exhibits) explaining why they believe the discovery responses should be struck. *See* Dkt. 164. Total Safety has responded with a submission of its own. *See* Dkt. 172. Mowbray and Code Red clearly state that they are not seeking sanctions, fees, or costs. Although I am extremely concerned by the allegations raised by Mowbray and Code Red, I am not going to strike the discovery responses. That is, arguably, a death penalty sanction. I think that goes too far.

**Second**, in a February 4, 2021 joint discovery dispute letter (Dkt. 166), the parties raised four issues.

> 1. First, Plaintiffs ask for trailing 24-month revenues for each customer and/or project identified in an Identified Project and Customer List. Code Red says that it has provided Plaintiffs with the requested information. There is no need for me to intervene. Why the parties were unable to get on a telephone and reach this same conclusion escapes me.

2

2. Second, Plaintiffs point to RFP Nos. 2, 4, 7, 23–25, 28–32, 39, and 40 and complain that they have received very few responsive documents. I am puzzled. I thought I had addressed many of these discovery requests previously. *See* Dkt. 74. To assist me, I order the parties to confer on a Zoom call about each of these discovery requests to determine if agreements can be reached. If no agreement is forthcoming, the parties are ordered to submit on **Tuesday**, **March 9**, **2021**, a joint letter identifying each request in dispute with each party's position. I will review the submission and issue a ruling.

3. Third, Plaintiffs complain that Code Red has failed to identify, as requested in Interrogatory 13, Plaintiffs' former employees who are currently or formerly employed by Code Red. It is embarrassing that the parties could not reach an agreement on this issue. Here is what we will do: Plaintiffs will give a list to Code Red by **March 5**, **2021**, of former employees it would like Code Red to search for. By **March 19**, **2021**, Code Red will let Plaintiffs know which of the employees currently or formerly worked for Code Red and the dates of their employment.

4. Fourth, the parties complain about whether certain information on Vicki Laughlin-Guillory's computer has been produced. The parties informed me that they are trying to work through the issue so there is no need for me to address it at this time.

**Third**, in a February 4, 2021 letter (Dkt. 167), Total Safety seeks to order the production of certain documents from Hastings requested in Plaintiffs' Fourth Set of Requests for Production. Hastings has agreed—both in writing and on the record—to produce all documents responsive to Plaintiffs' narrowed Request Nos. 81 and 82 as set forth in Dkt. 167. I sustain Hastings's objections to Plaintiffs' Request for Production Nos. 83, 84, and 85.

**Fourth**, in a February 9, 2021 letter (Dkt. 168), Total Safety and Shane Bates disagree about whether Total Safety should produce certain documents concerning impairment testing and intangible asset valuation. The parties are also unable to agree whether Defendants have the right to subpoena Total Safety's auditor, RSM, for RSM's documents concerning intangible-asset valuation. Plaintiffs' Responses to Defendant Shane Bates's Second Set of Request for Production Nos. 35, 38–39 are overruled and responsive documents should be

produced by **March 24, 2021**. With respect to the subpoena, I overrule the objections and authorize Defendants to issue the subpoena to RSM that is attached as Dkt. 168-1.

**Fifth**, also in a February 9, 2021 missive (Dkt. 170), the parties disagree about whether Total Safety should produce communications with lenders, investors, and its board. I overrule the objections to Plaintiffs' Responses to Defendant Shane Bates's Second Set of Request for Production Nos. 1–9, 32–35, and order such documents be produced by **March 24, 2021**.

**Sixth**, I received a letter on February 12, 2021 (Dkt. 173) from Hastings Equity Partners, LLC seeking sanctions due to allegedly false answers supplied by Plaintiffs. Hastings asks for permission to file a motion for sanctions. Let me be perfectly clear: "I am a firm believer that sanctions should rarely be imposed." *Luong v. Kroger Tex. L.P.*, 3:19-CV-00194, 2020 WL 6060923, at *1 (S.D. Tex. Oct. 14, 2020). The conduct must be beyond the pale. To put this in the proper context, I have been on the bench for three years and awarded sanctions only once. *See id*. I provide those comments so Hastings can decide whether they believe it is a good use of their time, effort, and money to pursue sanctions in this case. And let me be clear—I am certainly not going to strike pleadings or preclude Plaintiffs from presenting their case at trial. That said, if Hastings still wants to file a motion for sanctions, it can do so. Any motion must be limited to 12 pages. Any response to a motion for sanctions must be limited to 12 pages. There will be no reply.

**Finally**, on February 25, 2021, I held a Zoom hearing at which time the parties tangled over the propriety of redactions to a text chain utilized at a deposition. I asked that the document be provided to me for *in camera* review. I have now reviewed that document and can attest that most of the document has absolutely nothing to do with the issues in this case. Out of an abundance of caution, I am ordering part of the document be unredacted. My case manager will email that document to Mr. Scott and I expect that he will make sure the unredacted portions of the documents are provided to all counsel.

In closing, let me reiterate my expectation that counsel will work together, conduct themselves professionally, and zealously pursue their client's interests within the bounds of the law.

SIGNED this 3rd day of March 2020.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE